### ADDIE McCLEARY v. MARY BARCALOW ET AL.

1. MARRIAGE OF MAN UNDER GUARDIANSHIP MAY BE VALID.

A marriage freely and voluntarily entered into by a person of full age, and of sufficient mental capacity to understand and carry out the same, but which marriage took place after a guardian had been appointed for him by the probate court by reason of intemperance, which guardianship continued until his death, and where the parties to such marriage lived together as husband and wife for sixteen months, and until his death, without any objection on the part of the guardian, but with his tacit consent, and where no proceeding was ever taken before the death of the husband, to annul such marriage, held to be valid and binding.

**2. Adjudication of Incapacity not Conclusive.**
The adjudication of a probate court in such a proceeding, that by reason of intemperance the person was incapable of taking proper care of himself or of his property, and appointing a guardian, is but *prima facie*, and not conclusive evidence of his want of capacity to contract a marriage.

Appeal from the Court of Common Pleas of Butler county.

SMITH, J.

In this case we are of the opinion, and so find:

First—that at the time of the celebration of the marriage ceremony between Andrew McCleary, now deceased, and the plaintiff in this case, in January, 1890, and up to the time of his death, May 19, 1891, said Andrew had sufficient mental capacity to enter into and carry out a marriage contract, and that he did make and consummate this contract freely and understandingly, and that the parties thereto lived together thereafter as husband and wife until the death of McCleary, a period of about sixteen months. During the greater part of the time the parties so lived together after the marriage, the guardian of McCleary, hereinafter mentioned, provided for their support and maintenance from the estate of said McCleary, and under the order of the probate court of Butler county, which appointed such guardian, he purchased and paid for from said estate, a house in which said McCleary and his wife resided for some time before his death. And there is no evidence in the case to show that the plaintiff was in any way incapacitated from entering into such marriage relation with McCleary.

Second—That the fact that in 1889, the probate court of Butler county, Ohio, had under the provisions of sec. 6317, adjudged and found that said Andrew was incapable of taking proper care of himself or of his property by reason of intemperance or habitual drunkenness, and had appointed Mr. Egbert as guardian of his person and property, which order or judgment, or said guardianship was never vacated or set aside by the court, but continued in force up to the death of McCleary, in May, 1891, is only *prima facie* and not conclusive evidence that he was not competent, for want of mental capacity, to enter into and consummate a legal marriage. While such judgment may be conclusive as to the want of such capacity on the part of the ward to make contracts in respect to his property which the guardian, while such relation continues, has the legal right to control, such is not the case, under the authorities, as we think, as to the executed contract of marriage. And the court having found, as a matter of fact, that these parties were fully competent to enter into the marriage relation, and that they did so, and lived together as husband and wife for more than a year, and until his death, without objection from any one, or any proceeding taken to annul the same, we hold that it was a legal and valid marriage, and that the plaintiff is entitled to a decree as prayed for.

Morey, Andrews & Morey, for plaintiff.

Thos. Millikin and A. F. Hume, for defendants.